UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

APRIA HEALTHCARE, LLC,

     Plaintiff,

     v.                                        CIVIL ACTION NO. _____

FLORIDA HOME MEDICAL SUPPLY, LLC
F/K/A FLORDIA HOME MEDICAL SUPPLY
INC.,

     Defendant.

_____/

## APRIA'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Apria Healthcare, LLC, ("Apria") files this Complaint against Defendant, Florida Home Medical Supply, LLC f/k/a Florida Home Medical Supply Inc. ("Florida Home"), in accordance with M.D. of Florida Local Rules 1.05 and 1.06, and respectfully states as follows:

### NATURE OF THE CASE

1.     This is a diversity action to enforce a contract for goods and services between medical supply companies, Florida Home and Apria (collectively "the Parties").

2.     Pursuant to the terms of the Subcontract Agreement, Apria provided goods and services to Florida Home.

3.     Florida Home, however, failed to pay Apria the sums due under the terms of the Subcontract Agreement for all goods and services which Apria provided.

### JURISDICTION AND VENUE

4.     This Court has jurisdiction because Apria is a citizen of California, which is "different" from Florida Home who is a citizen of Florida; and the  amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have

1

original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs, and is between citizens of different States").

5.      Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1) because the

sole Defendant, Florida Home resides in Altamonte Springs, FL 32701, which is located in this

District.

6.      Venue is also appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2)

because a substantial part of the events or omissions giving rise to the claim occurred in this

District. Florida Home's refusal to honor the Subcontract Agreement and to make payments

thereunder emanated from its operations located in Altamonte Springs, FL 32701.

7.      The Court also may exercise personal jurisdiction over Florida Home pursuant to

Florida Statute § 48.193(1) because it transacts business in the State of Florida.


## THE PARTIES

8.      Apria is a Delaware limited liability company with its principal place of business

located in California, and it is a national supplier of home medical equipment and related services.

9.      Florida Home is a Florida limited liability company, which is formerly known as

Florida Home Medical Supply, Inc.  Its principal place of business is in Altamonte Springs, Florida

and it may be served through its registered agent United Corporate Services, Inc. at 9200 South

Dadeland Blvd., Suite 508, Miami, Florida 33156.

## FACTUAL ALLEGATIONS

10.     Florida Home Medical Supply, Inc. d/b/a Colonial Medical Supplies was awarded

a competitive bid contract to provide medical equipment and supplies to Medicare beneficiaries

(i.e. patients).

11.     In March 2016, Florida Home entered into a Subcontract Agreement with Apria to supply certain home medical equipment, at agreed prices, to patients as directed by Florida Home Medical Supply, Inc.  A true and correct copy of the Subcontract Agreement is attached hereto as **Exhibit 1**.

12.      In June 2020, the original named party to the Subcontract Agreement, Florida Home Medical Supply, Inc. d/b/a Colonial Medical Supplies, a Florida Corporation, converted to a Florida limited liability company and is now the Defendant, Florida Home.

13.     Under the Parties' Subcontract Agreement, new business was terminated as of December 31, 2018, but certain existing patient business continued and the obligations of Florida Home to make payments continues today.  A true and correct copy of the termination agreement is attached hereto as **Exhibit 2**.

14.     Under the Subcontract Agreement, Florida Home was to pay Apria forty-five (45) days after Apria submitted certain forms demonstrating delivery of the products to the patients that Florida Home asked Apria to service.

15.     During 2018, Apria discovered significant shortfalls in Florida Home's payments, and Apria notified or brought the lack of payment to the attention of Florida Home.

16.     For more than a year the Parties worked to reconcile Florida Home's unpaid balance of the open account, during which time Apria terminated the Subcontract Agreement.

17.     Even after being provided with requested support for claims, Florida Home refused to make payments.

18.      Ultimately, Florida Home disputed the remaining balance of the unpaid account for unfounded reasons such as a claimed inability to identify the invoiced patients in its database or claiming that Apria had not provided adequate proof of delivery.

19.     However, Florida Home's records show that it recognized as complete and/or had billed over half the Apria invoices it was disputing—the $359,909.85 in original billings sought here.

20.     In the event Florida Home failed to make a timely payment, interest accrues on the amount of the charge at the maximum legal rate of eighteen percent (18%) per annum, simple interest.

## CLAIMS FOR RELIEF

### COUNT 1
### (BREACH OF CONTRACT)

21.     Apria incorporates and realleges the facts in paragraph 1 to 20 above.

22.     At the request and direction of Florida Home, Apria provided goods and services in compliance with the terms of the Subcontract Agreement for an open account.

23.     Florida Home and the patients of Florida Home accepted the goods and services delivered by Apria.

24.     Apria invoiced Florida Home for the goods and services provided, and Florida Home billed Medicare and other payers for many of those goods and services.

25.     Florida Home is bound to pay Apria the agreed charges under the Subcontract Agreement for all the goods and services provided.

26.     Florida Home breached by only making partial payments to Apria, leaving a current unpaid balance on the account in excess of $700,000.

27.     Yet, Florida Home's own records show at least $359,909.85 of that amount, invoiced before July 30, 2019, that it should have paid to Apria.

4

28.    At all times material hereto, Apria provided proper notice and demand; therefore, all conditions precedent to its claims for relief have been satisfied.

29.    Apria has presented its claim to Florida Home, and Florida Home did not tender the amount owed.  Apria is also entitled to the recovery of its attorney's fees under the terms of the Parties' Subcontract Agreement.

30.    With accrued interest, the sum currently due to Apria totals a minimum of $491,050.08 in damages.  Under the terms of the Subcontract Agreement interest continues to accrue at the rate of 18% per annum, simple interest.  Apria has incurred damages in an amount to be proven at trial resulting from Florida Home's breach.

31.    In addition, Apria is entitled to recover its reasonable and necessary attorney's fees under Florida Statutes § 687.06 because this is a suit to enforce a contract.

## COUNT 2
### (QUANTUM MERUIT)

32.    Apria incorporates and realleges the facts in paragraphs 1 to 31 above.

33.    In the alternative to Count 1, Apria provided goods and services for the benefit of, and at the direction of, Florida Home with the expectation that Florida Home would pay for such goods and services.

34.    It would be inequitable for Florida Home to retain that benefit without paying for the goods and services provide by Apria.

35.    Apria has been damaged by not receiving payment from the Defendant in the sum of at least $359,909.85 bearing interest as allowed by law.

## COUNT 3
## (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

36.     Apria incorporates and realleges the facts in paragraphs 1 to 35 above.

37.      In the alternative to Count I and Count II, Apria provided goods and services for the benefit of and at the direction of Florida Home with the expectation that Florida Home would pay for such goods and services.

38.     The Subcontract Agreement executed in March 2016 by Florida Home and Apria, is a valid binding contract between Florida Home and Apria.

39.     The covenant of good faith and fair dealing attaches to Florida Home's performance, covenants stated therein, and obligations under the Subcontract Agreement.

40.     Florida Home sought to prevent its performance under the Subcontract Agreement and to withhold from Apria the benefits of the Subcontract Agreement by failing to make payment in good faith according to the express terms of the Subcontract Agreement and by failing to reconcile the unpaid balances due in good faith at the termination of the Subcontract Agreement.

41.     Apria demanded that Florida Home honor the Subcontract Agreement and compensate Apria for its damages, but Florida Home refused to do so.

42.     Florida Home's conduct constitutes breaches of the covenant of good faith and fair dealing under the Subcontract Agreement.

43.     Apria has incurred damages in an amount to be proven at trial resulting from Florida Home's breach.


## REQUEST FOR JURY TRIAL

Apria respectfully demands a jury by trial on all counts I-III. *See* Fed. R. Civ. P. 38(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Apria prays that Florida Home be cited to appear and answer herein and, that upon final trial by jury, Apria recover:

A. A judgment against Florida Home on all of Apria's claims against Florida Home for the sum of at least $491,050.08, including interest, in an amount to be proven at trial;

B. An award of attorneys' fees and costs as allowable by law;

C. An award of prejudgment interest and post judgment interest as provided by law; and

D. Such other relief as the Court deems appropriate under the circumstances.

[*Signatures on Following Page*]

Dated: <u>January 13, 2021</u>          Respectfully submitted,

                                        By: /s/ *Charles D. Bavol*
                                        Charles D. Bavol
                                        Florida State Bar No. 776701
                                        Latasha Lordes Scott
                                        Florida State Bar No. 552316
                                        **BLEAKLEY, BAVOL, DENMAN & GRACE**
                                        15316 N. Florida Ave.
                                        Tampa, Florida 33613
                                        Telephone: (813) 221-3759
                                        Facsimile: (813) 221-3198
                                        cbavol@bbdglaw.com
                                        lscott@bbdglaw.com
                                        jfechter@bbdglaw.com
                                        lsmiler@bbdglaw.com
                                        eservice@bbdglaw.com
                                        **ATTORNEYS FOR PLAINTIFF APRIA
                                        HEALTHCARE, LLC**